GALESBURG EBY-BROWN COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District   No. 3—85—0709

Opinion filed September 8, 1986.

Barry M. Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of Chicago, and Lynn M. Travis, Assistant Attorney General, of Springfield, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This action is an appeal of the decision by the circuit court of Rock Island County upon judicial review pursuant to sections 3—101 *et seq.* of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110,

par. 3—101 *et seq.*), affirming an administrative decision of the Department of Revenue (Department) which held that delivery of certain Galesburg Eby-Brown Company (Eby-Brown) cigarettes occurred in the State of Illinois and that such a transaction constituted a taxable transaction under the Cigarette Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 453 *et seq.*).

Eby-Brown is a licensed distributor of cigarettes in the States of Illinois and Iowa. It purchases rolls of tax stamps from both States and affixes the proper tax stamp of the State in which the cigarettes are to be sold. At their Galesburg facility, Eby-Brown affixes an $0.18 tobacco tax stamp to packages destined for Iowa retail sales and a $0.12 tobacco tax stamp on each package destined for Illinois retail sales. Concerning Iowa-stamped cigarettes, Eby-Brown sells and delivers them to retailers located only in Iowa and to retailers whose warehouses are located only in Illinois yet retail the cigarettes only in Iowa. The Department assessed Eby-Brown the amount of $17,364, plus penalties, for the sale of Iowa-stamped cigarettes delivered to these latter retailers, ruling that in addition to the $0.18 Iowa tax stamp, Eby-Brown was required to purchase and affix a $0.12 Illinois tax stamp to each pack. All of the cigarettes bearing the Iowa tax were retailed in Iowa and none were nor could be retailed in Illinois. The circuit court affirmed this decision, and this appeal follows. For the following reasons, the decision of the circuit court of Rock Island is reversed.

On appeal, Eby-Brown contends that the imposition of the Illinois cigarette stamp tax on Iowa-stamped cigarettes destined for sale in Iowa is an unconstitutional burden on interstate commerce in violation of the commerce clause of the United States Constitution and that the application of the Act results in double taxation of Iowa-bound cigarettes. We agree.

Section 8 of article I of the United States Constitution states that "Congress shall have power *** to regulate commerce *** among the several States." (U.S. Const. art. I, sec. 8, cl. 3.) A State does not exercise any power which the Constitution has conferred upon Congress when it imposes taxes for State purposes unless the tax operates to regulate commerce between the States. (*McGoldrick v. Berwind-White Coal Mine Co.* (1940), 309 U.S. 33, 84 L. Ed. 565, 60 S. Ct. 388.) State taxation which prohibits the commerce or places it at a disadvantage as compared or in competition with intrastate commerce represents the exercise of State taxing power in an unconstitutional manner. 309 U.S. 33, 45, 84 L. Ed. 565, 569, 60 S. Ct. 388, 391.

Section 2 of the Cigarette Tax Act recognizes the supremacy of the commerce clause as follows:

"[S]uch taxes are not imposed upon any activity in such business in interstate commerce or otherwise, which activity may not under the Constitution and Statutes of the United States be made the subject of taxation by this State." (Ill. Rev. Stat. 1983, ch. 120, par. 453.2(a).)

Article 17 of the Department's rules and regulations states, *inter alia,* as follows:

"The tax imposed by the Act does not apply to cigarettes which are shipped by the selling distributor from within this State to a point outside the State, not to be returned to a point within this State, unless such cigarettes bear evidence underneath the sealed transparent wrapper of the original package thereof indicating that the tax has been paid. ***"

The last paragraph of article 17 contains an exception to the article's nonapplication of the tax and is the basis of the Department's imposition of the deficiency tax assessment on Eby-Brown. It provides as follows:

"Except as provided in Article 22 of the cigarette tax Rules and Regulations, the sale may not be made tax free if the cigarettes are delivered in Illinois to the purchaser or his representative, notwithstanding the fact that the purchaser or his representative may then take or send the cigarettes outside Illinois for use outside Illinois."

If, indeed, this last paragraph of article 17 says what the Department states it does, we believe the rule to be at odds with the Act. Section 2 of the 1963 amendment to the Act declared as its legislative intent opposition to the double taxation of the sale of cigarettes. (See Ill. Ann Stat., ch. 120, sec. 453.1 (Smith-Hurd 1974, Historical Note.)) The imposition of Illinois tax on cigarettes already taxed by the State of Iowa is double taxation contrary to the legislative intent of the Act.

We also believe the imposition of Illinois tax on cigarettes taxed by Iowa, which can only be sold in Iowa, places an undue burden on interstate commerce. The Department concedes that Eby-Brown's sales of Iowa-stamped cigarettes to retailers located in Iowa is not subject to the Illinois tax. Imposition of an Illinois tax on cigarettes destined only for retail sale in Iowa, even though delivered in Illinois, would subject the sellers to a substantial disadvantage in the Iowa market place since they would be required to pay the Illinois tax not required otherwise. Retailers with facilities in Illinois would have to

either relocate in Iowa or add facilities in Iowa to receive shipments of the Iowa-stamped cigarettes.

It is our opinion that the legislative intent clearly prohibits double taxation, that the facts of this case disclose double taxation, and, finally, that the practice is a violation of the commerce clause of the United States Constitution. We have reviewed the Department's authorities for its proposition that the Cigarette Tax Act does not violate the commerce clause nor constitutes double taxation in regard to the facts of this case and do not find them dispositive of the issues presented. (See, *e.g., Department of Treasury v. Wood Preserving Corp.* (1941), 313 U.S. 62, 85 L. Ed. 1189, 61 S. Ct. 885; *International Harvester Co. v. Department of Treasury* (1944), 322 U.S. 340, 88 L. Ed. 1313, 64 S. Ct. 1019; *McGoldrick v. Berwind-White Coal Mining Co.* (1940), 309 U.S. 33, 84 L. Ed. 565, 60 S. Ct. 388; *American Airlines v. Department of Revenue* (1974), 58 Ill. 2d 251, 319 N.E.2d 28.)

Therefore, for the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed and this cause is remanded with directions that said court enter an order vacating the Department's deficiency assessment.

Reversed and remanded.

BARRY and HEIPLE, JJ., concur.